UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CALVIN WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| HON. STANLEY A. LEVINE, | ) |
| in his official capacity, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Mr. Calvin Wilson, by counsel, alleges as follows against Defendant, the Honorable Stanley A. Levine:

### I. NATURE OF ACTION

1. Defendant, the Honorable Stanley A. Levine, has barred Mr. Wilson from access to the Allen Superior Court to file a civil action.

2. Defendant has barred Mr. Wilson from access to the court without due process of law in violation of Mr. Wilson's fundamental rights.

3. Mr. Wilson brings this federal action against Defendant pursuant to 42 U.S.C. § 1983 for declaratory and injunction relief.

### II. PARTIES

4. Plaintiff is Calvin Wilson. Mr. Wilson is a United States citizen and resident of Allen County, Indiana.

5. Defendant is the Honorable Stanley A. Levine. Defendant is a state judge of the Allen

Superior Court [1] in Allen County, Indiana. Defendant is named in his official and administrative capacities.[2] Defendant at all times acted under color of law.

### III. JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a).

7. The Court has the authority to enter declaratory judgment and to provide preliminary and permanent injunctive relief in this matter pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201(a) and 2202.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Defendant has offices

---

[1] State superior courts were created by the Indiana General Assembly under authority of the Indiana State Constitution. "The judicial power of the State shall be vested in one Supreme Court, one Court of Appeals, Circuit Courts, and such other courts as the General Assembly may establish." Ind. Const. art. 7, § 1. By state statute, Indiana superior courts have "original and concurrent jurisdiction in all civil cases". Ind. Code § 33-29-1-1.5. A superior court judge "has the same powers relating to the conduct of business of the court as the judge of the circuit court of the county in which the standard superior court is located." I.C. § 33-29-1-4. The Allen Superior Court is composed of three divisions, including a civil division. I.C. §§ 33-33-8, 31; I.C. § 33-33-2-14. The court was created by the General Assembly by statute as a court of general jurisdiction. I.C. §§ 33-33-2 et seq. "The Allen superior court is a court of record, and its judgments, decrees, orders, and proceedings have the same force and effect and shall be enforced in the same manner as those of the Allen circuit court." I.C. § 33-33-5(c). The Allen Superior Court has statutory authority to regulate itself to come into compliance with law and is bound by all laws of the state. I.C. § 33-33-2-22.

[2] Section 1983 permits, and the Eleventh Amendment does not bar, official capacity suits brought in state court against state officials for prospective relief. *See, e.g., Power v. Summers*, 226 F.3d 815, 819 (7th Cir. 2000). State officers subject to suit in federal courts for prospective relief pursuant to 42 U.S.C. § 1983 include state court judges. *See, e.g., Prankel v. Judge Schmaltz, et al.*, 100 F.Supp.3d 661, 677-78 (S.D. Ind. 2015) ("Defendants contend that the judicial defendants (Magistrate Judge Schmaltz, Judge Humphrey, and Judge Cleary, in their official capacities) are protected from Mr. Prakel's suit by the doctrine of absolute judicial immunity. However, judicial immunity is a personal defense reserved for individuals. *See Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006) ('Official immunities (judicial, legislative, absolute, qualified, quasi, and so on) are personal defenses designed to protect the finances of public officials whose salaries do not compensate them for the risks of liability under vague and hard-to-foresee constitutional doctrines. That justification does not apply to suits against units of state or local government, which can tap the public fisc.'); *Newman v. State of Ind.*, 129 F.3d 937, 942 (7th Cir.1997) ('[I]t is to spare judges from shrinking from doing their duty out of fear of being sued that the doctrine of absolute judicial immunity was devised.'). Mr. Prakel has not named any individual defendants in this suit; rather, all defendants are named in their official capacities, and it is well-established that '[a]n official capacity suit is tantamount to a claim against the governmental entity itself.' *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) (citations omitted). Accordingly, absolute judicial immunity does not shield the judicial defendants in this case from Mr. Prakel's suit.").

2

within the district, and the events and omissions that have given rise to and continue to give rise to Mr. Wilson's injuries occurred and continue to occur within this district.

## IV. FACTS

9. On May 31, 2018, Mr. Wilson submitted a civil complaint in the Allen Superior Court.[3]

10. The civil action sought damages against a City of Fort Wayne officer and the City of Fort on allegations that on May 13, 2017 the city officer confiscated Mr. Wilson's mobile telephone while Mr. Wilson was recording the officer in violation of the First Amendment to the U.S Constitution and then unlawfully arrested him in violation of the Fourth Amendment to the U.S. Constitution and so also committing the torts of false arrest and false imprisonment.

11. All events described in the civil complaint took place in Allen County, Indiana, where Mr. Wilson is a resident and the City of Fort Wayne's offices are located.

12. Along with the civil complaint and appearance of his counsel, Mr. Wilson submitted a signed motion for waiver of filing fee declaring he does not have assets to pay the state court filing fee.

---

[3] A civil action is commended in an Indiana state trial court by "filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, here service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary."  Ind. Trial Rule 3.  A plaintiff "entitled to bring a civil action . . . may do so without paying the required fees or other court costs if the person files a statement in court, under oath and in writing: (1) declaring that the person is unable to make the payments or to give security for the payments because of the person's indigency; (2) declaring that the person believes that the person is entitled to the redress sought in the action; and (3) setting forth briefly the nature of the action."  I.C. § 33-37-3-2(a).     This statute provides that "a person entitled to bring a civil action may do so without paying the required fees after filing a sworn statement of his or her indigency."  *Baca v. Rpm Inc*., 941 N.E.2d 547, 548 (Ind. Ct. App. 2011).  The relevant statute "does not prohibit a court from reviewing and modifying a finding of indigency by the court or a clerk if a person who received relief from the payment of required fees or other court costs ceases to qualify for the relief."  I.C. § 33-37-3-2(c).

3

13. On June 1, 2018, Mr. Wilson's submitted civil complaint was returned to him by the Allen Superior Court without being filed in the court or assigned a cause number.

14. The listed "Return Reason" for the return of the civil complaint was stated as "Incorrect or missing Fees" and the "Returned Comments" stated were "Filing Fee Waiver Denied by Judge Levine on 6/1/2018."

15. The appearance of Mr. Wilson's counsel was also returned on that date for "Incorrect or missing Fees," although "[n]o rejection comment was provided."

16. On June 14, 2018, Mr. Wilson attempted to file a motion to reconsider Defendant's refusal to file and accept his civil complaint.

17. Along with attempting to file the motion, the motion was served on Defendant personally.

18. However, the motion was rejected without filing and returned to Mr. Wilson.

19. On July 9, 2018, Mr. Wilson filed a petition for writ of mandamus with the Indiana Supreme Court requesting a writ ordering (1) his civil complaint be accepted for filing and (2) an order be issued by the state trial court granting or denying his motion for waiver of filing fee.

20. On July 12, 2018, the state supreme court denied Mr. Wilson's petition stating that the relief sought could not be granted under the state rules of procedure for original actions.

21. On July 24, 2018, Mr. Wilson attempted again to file his civil complaint, his attorney's appearance, and his motion for fee waiver in the Allen Superior Court.

22. On July 30, 2018, Defendant again refused to allow Mr. Wilson to file his civil complaint and returned it to him without filing the civil complaint or assigning it a cause number.

23. Mr. Wilson could not appeal Defendant's actions because his civil complaint was never

allowed to be filed in state court, because his civil action does not formerly exist in state court, and because Defendant has issued no formal order from which he can appeal the refusal to accept and file his case.

24. To this day, Mr. Wilson remains barred by Defendant from filing his civil complaint in the Allen Superior Court.

## V. CLAIMS FOR RELIEF

### DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

25. Based on the facts above, Mr. Wilson alleges he has been denied and is being denied access to state courts to file a civil action by Defendant, the Honorable Stanley A. Levine, in contradiction to the protections and liberties guaranteed by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution[4] and as actionable through 42 U.S.C. § 1983.

26. Based on the facts above, Defendant has denied Mr. Wilson the ability to commence a civil action in state court even though Mr. Wilson properly submitted his pleading, motion for waiver of filing fee, and counsel's appearance.

27. Based on the facts above, Defendant by policy, practice, pattern, and custom has and continues to deny Mr. Wilson access to the courts without due process in violation of law.

28. Based on the facts above, Mr. Wilson is entitled to the issuance of an injunction because:

---

[4] *See In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (The right to access to the courts is a "fundamental right."); *Sahagian v. Dickey*, 827 F.2d 90, 97 (7th Cir. 1987) ("The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.").

no adequate remedy at law exists; Mr. Wilson will suffer irreparable harm absent injunctive relief; the irreparable harm suffered absent an order outweighs any harm Defendant would suffer should an injunction be granted; Mr. Wilson has a reasonable likelihood of prevailing on the merits of his action; and issuance of an injunction will not harm the public interest.

## VI. PRAYER FOR RELIEF

Wherefore, Mr. Wilson respectfully requests the Court:

A. Declare Defendant has violated his rights as secured by the Fourteenth Amendment to the U.S. Constitution;

B. Issue a preliminary and permanent injunction restraining Defendant from continuing to violate his right to access the courts under the Fourteenth Amendment to the U.S. Constitution;

C. Retain jurisdiction over this matter until Defendant has satisfactorily complied with any permanent order or decree;

D. Award his legal costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. Grant all other just and proper relief.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiff, Mr. Calvin Wilson

DF/