UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| CALVIN WILSON, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 1:18-CV-268-TLS |
| HON. STANLEY A. LEVINE, in his official capacity, | |
| Defendant. | |

## OPINION AND ORDER

The Plaintiff, Calvin Wilson, has filed a Complaint for Declaratory and Injunctive Relief [ECF No. 1] naming, as the sole Defendant, Allen Superior Court Judge Stanley A. Levine, in his official capacity. The Plaintiff asserts that he has been denied, and continues being denied, access to state court to file a civil action, and that this denial violates the due process clause of the Fourteenth Amendment. This matter is before the Court on the Defendant's Motion to Dismiss [ECF No. 12].

## DISCUSSION

**A.      Standard of Review**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). However, a court is not required to "consider subject matter jurisdiction over all other threshold matters," but may choose among threshold grounds for denying consideration of a case on its merits. *Meyers v. Oneida Tribe of*

*Indians of Wis.*, 836 F.3d 818, 821 (7th Cir. 2016) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999)). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

Additionally, under Rule 8's pleading requirements, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed. R. Civ. P. 8(a)(2). To assure that a pleading suffices to give effective notice to the opposing party, a complaint must contain facts that are sufficient, when accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that fail to meet this standard are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

### B. Complaint Allegations

On May 31, 2018, the Plaintiff submitted a civil complaint in the Allen Superior Court, in which he alleged violations of federal constitutional rights and state tort laws. (Compl. ¶¶ 9–10.) Accompanying the complaint and the appearance of counsel, was a signed motion for waiver of the filing fee, in which the Plaintiff declared that he did not have assets to pay the state court filing fee. (*Id.* ¶ 12.) On June 1, 2018, the Allen County Superior Court returned the civil complaint to the Plaintiff. It did not have a case number and had not been filed in court. The reason cited was "Incorrect or missing Fees" with the comment "Filing Fee Waiver Denied by Judge Levine on 6/1/2018." (*Id.* ¶ 14.) The appearance of counsel was also returned for "Incorrect or missing Fees." (*Id.* ¶ 15.)

On June 14, 2018, the Plaintiff attempted to file a motion to reconsider the refusal to file and permit the filing of his civil complaint. The motion was served on the Defendant personally. The motion was rejected without filing and returned to the Plaintiff. (*Id.* ¶ 18.)

On July 9, 2018, the Plaintiff filed a petition for writ of mandamus with the Indiana Supreme Court requesting a writ ordering that his civil complaint be accepted for filing, and that the state court issue an order granting or denying his motion for waiver of the filing fee. (*Id.* ¶ 19.) On July 12, 2018, the Indiana Supreme Court denied the petition.

On July 24, 2018, the Plaintiff "attempted again to file his civil complaint, his attorney's appearance, and his motion for fee waiver in the Allen Superior Court." (*Id.* ¶ 21.) The Defendant refused the filing and returned it to him without a formal order, or the assignment of a cause number.

## C. Analysis

The Plaintiff alleges that he has been denied the ability to commence a civil action in the Allen Superior Court. The Indiana Trial Rules set forth the requirements for commencing an action. Specifically, Indiana Trial Rule 3 provides:

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

With regard to the filing fee, an individual may seek to file an action without paying the required fees or other court costs by filing a statement in accordance with Indiana Code § 33–37–3–2. In *Hortenberry v. Palmer*, 992 N.E.2d 921 (Ind. Ct. App. 2013), the Indiana Court of Appeals held that payment of the prescribed filing fee or an order of the court waiving payment of the filing fee is required to commence an action under Trial Rule 3.

Under Indiana E-Filing System Rules, an action must be commenced by using the Indiana E-Filing System unless exempted by the Rules, paying the filing fee unless the fee is waived by an order of the court, and filing the complaint or equivalent pleading and required summons. Ind. Trial R. 86(C). The clerk may reject an e-filing when, among other scenarios, "the applicable filing fee has not been paid." Ind. Trial R. 86(L)(1)(a). If the document cannot be electronically processed, the clerk is directed to return it to the filer through the Indiana E-Filing System for an opportunity to cure the defect. Ind. Trial R. 86(L)(2)

According to the Plaintiff's Complaint, he attempted to commence an action by filing a complaint and a petition to waive the filing fee. His submissions were not accepted for filing, and the reason for return was a missing filing fee, with the additional remark that Judge Levine had denied the waiver of the filing fee. His case was not assigned a cause number, and his civil action

does not, therefore, formerly exist in state court. The Plaintiff asserts that this is problematic because there is no order denying his petition to waive fees that he can appeal. The Plaintiff, seeking declaratory and injunctive relief, has sued Judge Levine in his official capacity.

The Defendant argues that this case presents jurisdictional issues, particularly under the *Rooker-Feldman* doctrine, which precludes federal subject matter jurisdiction when a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgments and seeks review and rejection of that judgment after the state proceedings have ended. *Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 236 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (quoting *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996). "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Further, "the doctrine 'is not limited to just those claims alleging that the state court judgment itself caused the federal plaintiff's injury; the doctrine also precludes federal jurisdiction over claims inextricably intertwined with a state court determination.'" *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (internal quotation marks omitted) (quoting *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)).

The Defendant argues that dismissal of the Plaintiff's Complaint is warranted because the Plaintiff is asking this Court to direct a state court to reverse an order. (Pl.'s Mem. in Supp. 5, ECF No. 13.) The Court does not agree with this characterization of the Plaintiff's Complaint. The Plaintiff's denial of access claim is not based on the unfavorable outcome of a particular

motion or the impact of a judgment of the state court. The Plaintiff does not purport to be asking that this Court require that Judge Levine reverse a prior decision and waive the Plaintiff's filing fee. Rather, he asks that Judge Levine be required to issue an appealable order on the docket, either granting or denying the fee waiver request.[1]

But that is not to say that the Plaintiff's request is without fatal flaw. The Court does not read the Plaintiff's Complaint to be asserting an official-capacity claim in the vein of *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), as such a claim would be a suit against the State itself and barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). Rather, his official-capacity action for prospective relief falls within the narrow purview of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), which "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000). Yet, it remains unclear how Judge Levine could enter an "order" in a case that is not on the court's docket. When the clerk rejected the filings, Judge Levine's participation was complete because, as the Plaintiff himself alleges, "his civil action does not formerly exist in state court." (Comp. ¶ 23.) The Plaintiff has not pled factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. None of the allegations in the Complaint reasonably suggest that it was Judge Levine, as opposed to the clerk of courts, that, as the Plaintiff alleges, refused to file his civil action and denied him access to state court. The clerk was presumably following the procedures set forth in Trial Rules 3 and 86 for the commencement of an action and the rejection

---

[1] An order denying a motion to waive fees in not a final appealable order, or an interlocutory appeal that may be appealed as a matter of right. *See Rowe v. Ind. Dep't of Corr.*, 940 N.E.2d 1218, 1219 (Ind. Ct. App. 2011) (citing Ind. App. R. 2(H), 5 & 14). Discretionary interlocutory appeals are governed by Indiana Appellate Rule 14(B).

of an e-filing that is not accompanied by the applicable fee (or order of the court waiving the fee).[2]

It also cannot be ignored that the Plaintiff's decision not to cure this defect and pay the filing fee in accordance with Trial Rule 3 was his own. If the Plaintiff's claim is construed as an attack on the requirement that he pay a filing fee or obtain an order waiving the fee, "the essence of the access claim is that official action is presently denying an opportunity to litigate." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). However, for the reasons stated above, it was not the Defendant's actions that denied the Plaintiff an opportunity to litigate his claim. Additionally, the Plaintiff could have filed his suit in another court. The lawsuit he wanted to file in Allen Superior Court alleged violations of federal constitutional rights, which would have supplied the requisite jurisdiction to file his claim in federal court. The Plaintiff has not pointed to anything that suggests he has a right to file his lawsuit in the court of his choosing without prepayment of the fee, particularly when other avenues of relief were available. *See, e.g.*, *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) (record fee unconstitutional when required to obtain appellate consideration of a parental-rights termination action); *Boddie v. Connecticut*, 401 U.S. 371 (1971) (divorce filing fee unconstitutional where the state courts offered the sole means of dissolving a marriage—a fundamental human relationship).

Moreover, the Plaintiff's denial of access claim presumes that if the Defendant had entered a formal order denying his request to waive the filing fee, the Defendant would have also certified the order to allow for its immediate appeal. For without certification from the trial court, the Court of Appeals has no jurisdiction. *Daimler Chrysler Corp. v. Yaeger*, 838 N.E.2d 449, 450

---

[2] Although the Complaint does not specifically address the e-filing system, attorneys are required to use the Indiana E-Filing System unless exempted from the requirement that they file electronically. *See* Ind. Trial R. 86(D). Additionally, the Complaint allegations include reference to comments that accompanied the return of the filings, which would have been generated and communicated through the e-filing system.

(Ind. 2005). It further assumes that the Indiana Court of Appeals would have found that the grounds for granting an interlocutory appeal existed and thus accepted the appeal. *See generally* Ind. App. R. 14(B). Had all these unlikely events failed to transpire in the Plaintiff's favor, he would have again been faced with the same two options: pay the filing fee, or; file his action in a different court. At that point, the Plaintiff would have no legal right to challenge the trial court's failure to certify the order for interlocutory appeal by bringing a lawsuit in this Court, as such litigation would most assuredly run afoul of the *Rooker-Feldman* doctrine. Thus, even if the Court granted the Plaintiff the declaratory and prospective relief he requests, it would not guarantee him the particular kind of access to courts that he appears to be requesting.

In any event, and more importantly for present purposes, the relief that the Plaintiff is requesting to remedy the alleged "ongoing violation of his constitutional rights"—that this Court "[d]eclare Defendant has violated his rights as secured by the Fourteenth Amendment to the U.S. Constitution," and "[i]ssue a preliminary and permanent injunction restraining Defendant from continuing to violate his right to access the court under the Fourteenth Amendment to the U.S. Constitution" (Compl. ¶ VI.A & B)—is not applicable to the named Defendant.

As one last point, the text of § 1983, as amended in 1996, states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. When Judge Levine denied the waiver of the filing fee (the only action reasonably attributable to him) he was acting in his judicial capacity. There is no declaratory decree in place, and the Plaintiff can hardly be said to consider declaratory relief unavailable; he requested just such relief in this lawsuit based on the Declaratory Judgment Act. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (noting that the Declaratory Judgment

Act (28 U.S.C. § 2201(a)), the source of potential declaratory relief once subject matter jurisdiction has been confirmed, "confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants"). The Plaintiff's claim for injunctive relief is, therefore, barred by the 1996 amendments to § 1983.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 12]. Any motion for leave to amend the complaint is to be filed by March 18, 2019. If no motion is filed by that date, the Clerk is directed to close this case.

SO ORDERED on February 25, 2019.

                                     s/ Theresa L. Springmann
                                     CHIEF JUDGE THERESA L. SPRINGMANN
                                     UNITED STATES DISTRICT COURT